UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  Case No.: 8:18-bk-01321-MGW
Chapter 7

Michael Dean Capps

Debtor.
_____

MOTION TO SELL REAL PROPERTY AND
PAY SECURED CREDITOR(S) AND TRANSACTIONAL COSTS
(6527 Bayston Hill Place, Zephyrhills, FL 33541-2743)

NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST A HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Ave., Suite 555, Tampa, FL 33602-3899 and serve a copy on the movant's attorney, Richard M. Dauval, 3900 1st Street North, Suite 100, Saint Petersburg, FL 33703, and any other appropriate persons within the time allowed.

If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

      COMES NOW Nicole M. Cameron, Chapter 7 Trustee, by and through her undersigned

counsel, and hereby moves for authority to sell certain improved real property, to pay secured

creditors and transactional costs, and in support thereof states as follows:

1

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4. On February 23, 2018, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Nicole M. Cameron was appointed Chapter 7 trustee (the "Trustee").

6. The Debtor owns fifty percent of real property, by virtue of a deed, located at 6527 Bayston Hill Place, Zephyrhills, FL 33541-2743, more particularly known as:

Lot 27, Block 1, Chapel Creek Phase 1A, according to the map or plat thereof, as recorded in Plat Book 62, Page(s) 134 through 148, inclusive, of the Public Records of Pasco County, Florida.

(hereinafter the "Property").

7. The Property is co-owned with the Debtor's ex-wife, Jessica Marie Andrews f/k/a Jessica Marie Capps, who did not file bankruptcy with the Debtor but consents to the sale of the Property.

8. The Trustee completed a title search and found that the Property is encumbered by a two mortgage liens. By priority, but not including any outstanding property taxes or municipal liens, the Property is clouded as follows:

   a. a Mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for HomeBridge Financial Services, Inc. recorded in Official Records Book 9539,

Page 2771, which Mortgage is now held by U.S. Bank N.A., by virtue of Assignment(s) of Mortgage recorded in Official Records Book 9691, Page 2083, in the Public Records of Pasco County, Florida (the "Secured Creditor" or "U.S. Bank");

b. a junior Mortgage in favor of Florida Housing Finance Corporation, a public Corporation, in the original principal amount of $15,000.00, dated May 5, 2017 and recorded in Official Records Book 9539, Page 2784, in the Public Records of Pasco County, Florida.

9. The Trustee has accepted an offer from Clara Bartlett (the Buyer(s)) to purchase the Property for the gross sale price $ 200,000.00 (which includes a 11 U.S.C. § 506(c) surcharge (or, "carve out") of $6,500.00, subject to the approval of U.S. Bank, the Florida Housing Finance Corporation, and the court, as payment in full.  The Trustee believes it is a fair offer for the current economy, the condition of the Property, and the length of time the Property has remained on the market.

10. Any current real property taxes will be paid prorated.

11. The gross sale price of $ 200,000.00, net the closing costs is estimated to be enough to satisfy the outstanding lien, as agreed to by U.S. Bank and the Florida Housing Finance Corporation, that encumber the property and net the estate at least $ 6,500.00.  If U.S. Bank or the Florida Housing Finance Corporation no longer consent to their proposed treatment they are hereby on notice that they need to object to the proposed sale of the Property.

12. The Trustee has attached a "DRAFT" Settlement Statement that outlines the proposed distribution of the sale proceeds at closing, as Exhibit A.

## AUTHORITY TO SELL

13. Pursuant to § 363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business.

## CONCLUSION

14. The Trustee, in the exercise of his business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the secured creditors. The Buyer has agreed, subject to Court approval, to pay to the Trustee the gross sum of $ 200,000.00 in exchange for estate's interest in the Property.

WHEREFORE, the Trustee moves for the entry of an order:

A. Authorizing the sale of the Property and,

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the estate's interest in the Property including without limitation, executing a deed conveying the interests of the Debtor to the Buyer, or her assigns, or ultimate purchaser;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased

assets (b) any outstanding Home Owner's Association fee or assessment arrearages; and

(c) other anticipated closing costs:

| | |
|---|---|
| Total Sales/Brokers Commission: | |
| 5% of base sale price to Action 100 Realty | $ 12,000.00* |

*this commission is intended to be shared with a cooperating agent.

| | |
|---|---|
| Title Charges: | $ 1,910.00 |
| Government recording / transfer charges: | $ 2,029.55 |
| Satisfaction of Liens: | |
|    U.S. Bank | $ 171,027.77 |
|    Florida Housing Finance Corporation | $ 6,000.00 |
| Misc. (Outstanding Utilities, HOA Estoppel / Delinquencies) | $ 1,000.00** |

** the local utility companies would not agree to read the meters at the time of the filing of this motion. Accordingly, these amounts represent estimations. The Trustee seeks authority to pay the outstanding utilities and HOA charges, if any, in full and with the consent of all lienholders.

The above anticipated closing costs and taxes are subject to per diem charges, changes in prorations, and otherwise represent approximate amounts. The Trustee seeks authority to pay these amounts, or their reasonable equivalent amounts, to the respective payees depending on the subjective per diem alteration, and

   D. Granting the Trustee such other and further relief as is just and proper.

Respectfully submitted,

/s/ Richard M. Dauval, Esquire
Richard M. Dauval, Esq.
Leavengood, Dauval, Boyle & Meyer, P.A.
3900 1st Street North, Suite 100
Saint Petersburg, FL 33703
727-327-3328 x303

**CERTIFICATE OF SERVICE**

I certify that on February 5, 2019, a true and correct copy of the foregoing was provided by U.S. mail and/or electronic delivery to: U.S. Trustee, ustp.region21.ecf@usdoj.gov; Marcie L Baker, Esq., mbaker@anattorneysgotyourback.com; Michael Dean Capps, 126 Great Lawn Way, Columbus, OH 43235-8947; Nicole M. Cameron, Trustee, trustee@tampabay.rr.com; U.S. Bank, N.A., President, 800 Nicollet Mall, Minneapolis, MN 55402 (certified), Florida Housing Finance Corporation, President, 227 North Bronough Street, #5000, Tallahassee, FL 32301(certified).

and all parties of interest that have filed a proof of claim in this case or filed a notice of appearance pursuant to Rule 2002-1(c) on this February 5, 2019.

/s/ Richard M. Dauval, Esquire
Richard M. Dauval, Esq.

```
Label Matrix for local noticing          Synchrony Bank
113A-8                                    c/o PRA Receivables Management, LLC
Case 8:18-bk-01321-MGW                    PO Box 41021
Middle District of Florida                Norfolk VA 23541-1021
Tampa
Tue Feb  5 12:06:23 EST 2019
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Note: Entries with a '+' at the end of the      End of Label Matrix
name have an email address on file in CMECF        Mailable recipients    1
------------------------------------------         Bypassed recipients    1
Note: Entries with a '-' at the end of the         Total                  2
name have filed a claim in this case
```

**American Land Title Association**                                                                                   ALTA Settlement Statement - Combined
                                                                                                                                                 Adopted 05-01-2015

FileNo./Escrow No.: LG2018-1151                    **Landguard Title Services, LLC**
Print Date & Time: 2/4/2019 @ 3:35 PM
Officer/Escrow Officer: Jeannine E. Carrier           **333 Third Avenue North**
Settlement Location:                                              **Suite 200**
333 Third Avenue North, Suite 200              **St. Petersburg, Florida  33701**
St. Petersburg, Florida  33701

Property 1 Address: 6527 Bayston Hill Place, Zephyrhills, Florida  33541-2743
Property 2 Address:
Buyer: Clara Bartlett
Seller: Nicole Marie Cameron, Trustee for the Bankruptcy Estate of Michael Dean Capps & Jessica Marie Capps
Lender: TBD
Loan Type: Cash Settlement
Loan Number:

Settlement Date: 3/1/2019
Disbursement Date: 3/1/2019
Additional dates per state requirements:

| Seller | | Description | Borrower/Buyer | |
| --- | --- | --- | --- | --- |
| Debit | Credit | | Debit | Credit |
| | | **Financial** | | |
| | $200,000.00 | Sales Price of Property | $200,000.00 | |
| | | Deposit including earnest money | | $5,000.00 |
| | | | | |
| | | **Prorations/Adjustments** | | |
| $532.68 | | County Taxes from 1/1/2019 to 2/28/2019 | | $532.68 |
| | | | | |
| | | **Title Charges & Escrow / Settlement Charges** | | |
| $750.00 | | Title - Closing Fee to Landguard Title Services, LLC | $300.00 | |
| $1,075.00 | | Title - Owner's Coverage Premium to Landguard Title Services, LLC | | |
| $85.00 | | Title - Search Fee to Commonwealth Land Title Insurance Company | | |
| | | | | |
| | | **Commission** | | |
| $4,000.00 | | Real Estate Commission (Buyer) to Matt Hulbert Realty | | |
| $8,000.00 | | Real Estate Commission (Seller) to Keller Williams Realty | | |
| | | | | |
| | | **Government Recording & Transfer Charges** | | |
| $606.55 | | Documentary Stamp Tax on Quit Claim Deed to Clerk of the Circuit Court | | |
| $4.50 | | E-Recording to SimpliFile | $4.50 | |
| $18.50 | | Record Quit Claim Deed to Clerk of the Circuit Court | | |
| $1,400.00 | | Transfer Taxes - Deed State to Clerk of the Circuit Court | | |
| | | | | |
| | | **Payoff(s)** | | |
| $171,027.77 | | Lender: US Bank | | |

Copyright 2015 American Land Title Association.                    Page 1 of 3                                File #: LG2018-1151
All rights reserved.                                                                                                          Printed on 2/4/2019 @ 3:35 PM

| American Land Title Association | | | ALTA Settlement Statement - Combined<br>Adopted 05-01-2015 | |

| Seller | | Description | Borrower/Buyer | |
|---|---|---|---|---|
| Debit | Credit | | Debit | Credit |
| | | Principal Balance ($171,027.77) | | |
| | | Interest on Payoff Loan () | | |
| $6,000.00 | | Lender: Florida Houseing Finance Corporation | | |
| | | Principal Balance ($6,000.00) | | |
| | | Interest on Payoff Loan () | | |
| | | | | |
| | | **Miscellaneous** | | |
| $6,500.00 | | Bankruptcy Estate Fee | | |
| | | Lien Search (est) to Premier Lien Research, LLC | $150.00 | |

| Seller | | Description | Borrower/Buyer | |
|---|---|---|---|---|
| Debit | Credit | | Debit | Credit |
| $200,000.00 | $200,000.00 | **Subtotals** | $200,454.50 | $5,532.68 |
| | | Due From Buyer | $194,921.82 | |
| | | Due From Seller | | |

Copyright 2015 American Land Title Association.
All rights reserved.

Page 2 of 3

File #: LG2018-1151
Printed on 2/4/2019 @ 3:35 PM

Draft Copy

| | |
|---|---|
| **American Land Title Association** | ALTA Settlement Statement - Combined |
| | Adopted 05-01-2015 |

**Acknowledgement**

We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement. We/I authorize Landguard Title Services, LLC to cause the funds to be disbursed in accordance with this statement.

Buyer: _____    Seller: _____
       Clara Bartlett                                         Nicole M. Cameron, as Trustee for the Bankruptcy Estate
                                                              of Michael Dean Capps, under Bankruptcy Case No. 8:18-
                                                              bk-01321-M

I have reviewed the Closing Disclosure, the settlement statement, the lender's closing instructions and any and all other forms relative to the escrow funds, including any disclosure of the Florida title insurance premiums being paid, and I agree to disburse the escrow funds in accordance with the terms of this transaction and Florida law.

_____
Escrow Officer

Draft Copy