ORDERED.

Dated:  March 01, 2019

_____
Michael G. Williamson
Chief United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  

Michael Dean Capps

    Debtor(s).
_____/

Case No.: 8:18-bk-01321-MGW
Chapter 7

ORDER GRANTING MOTION TO SELL REAL PROPERTY
AND PAY SECURED CREDITOR(S) AND TRANSACTIONAL COSTS
(6527 Bayston Hill Place, Zephyrhills, FL 33541-2743)

THIS CASE came on for consideration of Chapter 7 Trustee, Nicole M. Cameron's ("Trustee") *Motion to Sell Real Property and Pay Secured Creditor(s) and Transactional Costs* (the "Motion") (Doc. #22).  No responses or objections were filed. This Court having considered the Motion, together with the record and the fact that no party in interest filed a response to the Motion within the 21 days allotted from service as pursuant to Local Rule 2002-04, finds that it is appropriate to enter an order granting the Motion.  Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

    1.    The notice of the Motion is approved as proper and adequate under the circumstances.

    2.    The Motion is GRANTED and the sale to Clara Bartlett, her assigns, or ultimate purchaser ("Buyer(s)"), is approved as the highest and best offer.

3. The Trustee is authorized to sell, with the consent of co-owner(s), the real property located at 6527 Bayston Hill Place, Zephyrhills, FL 33541-2743, and more specifically known as:

> Lot 27, Block 1, Chapel Creek Phase 1A, according to the map or plat thereof, as recorded in Plat Book 62, Page(s) 134 through 148, inclusive, of the Public Records of Pasco County, Florida.

(the "Real Property"),

to Buyer(s) for the gross sale price $ 200,000.00 (which includes a 11 U.S.C. § 506(c) surcharge (or, "carve out") of $6,500.00, subject to the approval of U.S. Bank, the Florida Housing Finance Corporation, as payment in full, as specifically identified and described in the Motion.

4. The Trustee is authorized to pay, as further authorized in paragraph 6 below, the following undisputed liens or claims at closing of the sale:

| | |
|---|---|
| U.S. Bank | $ 171,027.77 |
| Florida Housing Finance Corporation | $ 6,000.00 |

5. The Trustee is authorized to execute any such releases, termination statements, assignments, consents or instruments for the benefit of any third party, including the holders of any liens, claims or interests identified in paragraph 4 of this Order, that are necessary or appropriate to effectuate or consummate the sale. Moreover, the Trustee is hereby authorized to execute the purchase agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

6. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with

respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: | |
| 6% of base sale price to Action 100 Realty | $ 12,000.00* |
| *this commission is intended to be shared with a cooperating agent. | |
| Title Charges: | $ 1,910.00 |
| Government recording / transfer charges: | $ 2,029.55 |
| Satisfaction of Liens: | |
|     U.S. Bank | $ 171,027.77 |
|     Florida Housing Finance Corporation | $ 6,000.00 |
| Misc. (Outstanding Utilities, HOA Estoppel / Delinquencies) | $ 1,000.00** |

** It is understood that this amount is an estimate based on local practices by utility companies. The Trustee is nonetheless authorized to pay the outstanding utilities and HOA charges in full and with the consent of all lienholders.

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above and in paragraph 4 so long as they are within industry standard.

7. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyer(s) on an "as is, where is" or "with all faults" basis.

8. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

9. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or

supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

      10.      The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.


Attorney, Richard M. Dauval, Esq., is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.